IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
03 MAR -6 PM 4:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) ) |
| v. | ) ) |
| RPH MANAGEMENT, INC., d/b/a/ McDONALD'S, an Alabama Corporation, | ) COMPLAINT ) ) DEMAND FOR JURY TRIAL ) ) |
| Defendant. | ) ) |

CV-03-RRA-0502-J

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Samantha Robichaud who was adversely affected by such practices. The Equal Employment Opportunity Commission alleges that the Defendant, RPH Management, Inc., d/b/a/ McDonald's (hereinafter "McDonald's") discriminated against Samantha Robichaud by denying her promotion because it regarded her as disabled as a result of her suffering from Sturge Weber Syndrome. The syndrome left Ms. Robichaud with a Port Wine Stain on her face, a visible cosmetic disfigurement. In addition, McDonald's constructively discharged Ms. Robichaud in violation of Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act

and 1345. This action is authorized and instituted pursuant to §107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference §§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to §102 of the Civil Rights Act of 1991, 42 U.S.C.§1981a.

2. The employment policies and practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Jasper Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by §107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant McDonald's, an Alabama Corporation, has continuously been and is now doing business in the State of Alabama and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under § 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101 (7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e-5(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under §101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.  More than 30 days prior to the institution of this lawsuit, Samantha Robichaud filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least August, 2000, the Defendant has engaged in unlawful employment practices at its Northport, Alabama facilities in violation of §§102(a) and 102(b)(1) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(1).

9.  Defendant McDonald's refused to consider Samantha Robichaud for promotion because of her cosmetic disfigurement resulting from Sturge Weber Syndrome. Defendant McDonald's regarded Samantha Robichaud as disabled due to her cosmetic disfigurement.

10. Defendant McDonald's told Samantha Robichaud that she would never be considered for promotion due to her appearance. Defendant McDonald's constructively discharged Samantha Robichaud when it left her with no choice but to conclude that she would never be allowed a promotional opportunity with McDonald's.

11. The effect of the practices complained of in paragraphs 8 through 10, above, has been to deprive Samantha Robichaud of equal employment opportunities, and has otherwise adversely affected her status as a job applicant or potential employee. The practices violated the ADA.

12. The unlawful policies and practices complained of in paragraphs 8 through 10, above, were and are intentional.

13. The unlawful policies and practices complained of in paragraphs 8 through 10,

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction ensuring compliance with the ADA, and enjoining Defendant McDonald's, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability or because an applicant is regarded as being disabled.

B. Order the Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of the Defendant's past and present unlawful practices.

C. Order the Defendant to make whole Samantha Robichaud by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices, including but not limited to, front pay for Samantha Robichaud.

D. Order the Defendant to make whole Samantha Robichaud by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 through 10 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order the Defendant to pay Samantha Robichaud punitive damages for its malicious conduct or reckless indifference described in paragraphs 8 through 10 above, in an amount to be

G.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

NICHOLAS INZEO
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

CHARLES E. GUERRIER
Regional Attorney

PRISCA M. DELEONARDO
Supervisory Trial Attorney
Alabama State Bar ID#ASB-6535-D67P

MASON D. BARRETT
Senior Trial Attorney
Colorado State Bar ID#21309

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Tel No. (205) 731-1039
Fax No.(205) 731-1167

**WAIVER OF SERVICE FORMS WILL BE SENT WITH THE COMPLAINT**